IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA A. PATSAKIS, | ) |
| Plaintiff, | ) |
| v. | ) 2:04cv1662<br>) Electronic Filing |
| EASTERN ORTHODOX FOUNDATION,<br>EASTERN ORTHODOX FOUNDATION<br>OF STEEL VALLEY, | ) Judge Cercone<br>) Magistrate Judge Hay |
| Defendants. | ) |

## MEMORANDUM ORDER

AND NOW, this 25 day of July, 2006, after de novo review of the record and upon due consideration of (1) the magistrate judge' report filed on May 17, 2006, recommending that the pending motions for summary judgement be denied and (2) defendants' objections thereto, IT IS ORDERED that the plaintiff's Motion for Partial Summary Judgment [Docket No. 23] be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' Motions for Summary Judgment [Docket Nos. 27 and 30] be, and the same hereby are, DENIED. The magistrate judge's report and recommendation [Docket No. 45] as augmented herein is adopted as the opinion of the court.

Defendants' objections are without merit. As aptly explained in the report, prior to plaintiff's suit against a sister religious organization coming to light, defendants' executive officers repeatedly commented or implied that the financial condition EOFSV was due to matters beyond plaintiff's control and her work was exemplary. It was only after plaintiff's lawsuit against the Eastern Orthodox Foundation was made public that defendants' executives expressed their disdain for plaintiff's failure to inform them of the specifics of the lawsuit earlier and decided to create a "record of [their] dissatisfaction" with plaintiff's "overall performance." In addition, defendants' Board of Directors did not have consistent recollections about the role plaintiff's performance played in the subsequent employment decisions. Taken as a whole, there is more than adequate evidence in the record to support a finding of pretext in plaintiff's favor.

Furthermore, EOFSV clearly had notice of the EEOC proceeding and shared an identical

interest with EOF in the development of the record before that agency. Because defendants essentially operated as one entity through the same executives and were unified in their interests and approach to plaintiff's allegations before the EEOC, plaintiff's failure to name EOFSV at the administrative level does not support the proposition that she failed to exhaust her administrative remedies against this entity. Consequently, defendants' motions for summary judgement must be denied.


David Stewart Cercone
United States District Judge

cc: Honorable Amy Reynolds Hay
United States Magistrate Judge

Colleen Ramage Johnston, Esquire
Rothman Gordon, P.C.
Grant Building, Third Floor
Pittsburgh, PA 15219

Timothy W. Pawol, Esquire
695 Doris Drive
Pittsburgh, PA 15243